**Seetal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72884.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2004.*

Decided Aug. 6, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Seetal Singh, Manteca, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Efthimia S. Pilitsis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: HAWKINS, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM \*\*

Seetal Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") decision finding Singh's testimony of past persecution on account of his political opinion, religion, and particular social group not credible. We review the IJ's adverse credibility determinations under the substantial evidence standard, *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir.2003), and affirm her denial of Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The record would not compel any reasonable adjudicator to conclude that the IJ's adverse credibility findings concerning Singh were erroneous. 8 U.S.C. § 1252(b)(4)(B) (2000); *see also INS v. Elias–Zacarias*, 502 U.S. 478, 482 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (interpreting repealed 8 U.S.C. § 1105a(a)(4)).

Although certain of the IJ's findings—Singh's knowledge of the voting age in India, the alleged inconsistency in the number of occasions on which Singh was arrested, his knowledge of the purpose of the Sikh holiday *Baisakhi*, and his family's continued presence in Punjab—could not provide the IJ with substantial evidence supporting an adverse credibility finding, six of the other findings provide substantial evidence supporting an adverse credibility determination.

First, Singh testified inconsistently concerning the purpose of an April 1998 All India Sikh Student Federation ("AISSF") rally he claimed to have attended. Initial-

ly, he characterized the rally as commemorating the anniversary of the "Black Day" and confirmed that answer three times. When confronted by the fact that the Black Day falls in June, not April, Singh changed the purpose of the rally to an observation of Guru Arjan Dev Ji's martyrdom day. That event, however, is also commemorated in June. That Singh confirmed his mistaken answers undermines any subsequent claim they were innocent mistakes. This inconsistency goes to the heart of Singh's asylum application because it undermines Singh's claim he even attended any such rally. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Second, although Singh's supporting documentation claimed he was an AISSF "activist" and "president of [sic] circle," [A.R. 147] he knew little about the Indian political process or elections. For example, notwithstanding his claim to have participated in an election for the Vidhan Sabha he did not know what it was (the Punjabi state legislature). Although the IJ could have drawn an inference from Singh's lack of knowledge that he simply was not politically sophisticated, the evidence did not compel that finding. *See, e.g., Mohinder Singh v. Ashcroft*, 367 F.3d 1139 (9th Cir.2004).

Third, Singh testified inconsistently concerning the length of his detention during his fourth alleged arrest. This inconsistency goes to the heart of his asylum application. Whereas brief detentions do not necessarily establish persecution, longer detentions may amount to persecution. *See, e.g., Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995).

Fourth, Singh testified inconsistently as to when Dr. Thind provided him with medical treatment. This inconsistency goes to the heart of Singh's claims for relief be-

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cause he placed the date of treatment *prior* to the date of the alleged beating. The order of events raises doubts as to whether Singh was actually detained, beaten, and treated, or at least whether he was treated for injuries resulting from his arrest as opposed to injuries from some other incident. This date inconsistency legitimately supports an adverse credibility finding because it tends to undermine the veracity of Singh's claim of persecution, thereby revealing something about his alleged fear for his safety. *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988).

Fifth, Singh testified inconsistently concerning his age at the time of the 1996 election and failed to corroborate his identity. His identity was in issue as he had used a false Hispanic name and did not provide his original passport. An asylum applicant's identity is a "key" element to his application, and "eligibility for asylum depends on the credible establishment of [that] element[ ]" among others. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); 8 U.S.C. § 1158(d)(5)(A)(I) ("[A]sylum cannot be granted until the identity of the applicant has been checked against all appropriate records or databases maintained by the Attorney General and by the Secretary of State . . .").

Finally, Singh's demeanor provided the IJ with substantial evidence supporting an adverse credibility finding. The IJ noted that Singh was particularly evasive during INS questioning and that he "very guardedly" answered INS counsel's questions. [A.R. 44.] Although "most witnesses are uncomfortable and nervous when being cross-examined," the court "defers to [the IJ's] ability to differentiate between the usual level of anxiety and Petitioner's behavior . . ." *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999). Here, Singh's demeanor provided substantial evidence supporting the IJ's adverse credibility finding.

Were these the only findings submitted by the IJ in support of her adverse credibility determination, they would withstand "substantial evidence" review, and are therefore a sufficient basis for affirming the IJ's credibility determination. *Singh–Kaur v. INS*, 183 F.3d 1147, 1152 (9th Cir.1999).

Absent credible evidence establishing his eligibility for asylum, neither can Singh show his eligibility for withholding of removal. The standard of proof for withholding of removal is higher than that required to establish eligibility for asylum. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, Singh did not establish entitlement to CAT relief because, in the absence of credible evidence, he did not demonstrate that it is more likely than not that he would be tortured if returned to India. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

PETITION DENIED.

HAWKINS, Circuit Judge, dissenting.

HAWKINS, Circuit Judge.

Because the adverse credibility determination of the Immigration Judge ("IJ") against Petitioner Seetal Singh ("Singh") is not supported by substantial evidence, I would grant the petition for review.

Singh testified that he joined the All India Sikh Student Federation ("AISSF") and was subsequently arrested and beaten on six different occasions due to his affiliation. The government offered not a shred of evidence to contradict Singh's testimony in this regard. Singh did display some confusion or lack of knowledge about the political process and the purpose of certain rallies he attended, leading the IJ to disbelieve Singh's testimony. But this confusion or lack of knowledge simply does not go to the heart of Singh's asylum claim,

which involved detailed descriptions of his detentions, beatings, and interrogations at the hands of the Indian police following AISSF activities. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002). Also, the IJ engages in pure and improper speculation to conclude that Singh could not have been persecuted for being a member of AISSF simply because Singh's depth of knowledge about the organization was limited. *See Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996). Such profoundly suspect reasoning cannot justify an adverse credibility finding.

The IJ also pointed to Singh's confusion over certain, specific dates that events occurred. The record shows that, in each instance, Singh corrected himself and explained his confusion. The IJ did not address these explanations and the failure to do so means these reasons cannot support an adverse credibility finding. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir. 2001); *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998). Further, even if these discrepancies were left unexplained, they are minor, reveal nothing about Singh's fear for his safety, and cannot form the basis of an adverse credibility finding. *See Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000).

Because there is not substantial evidence in the record to support the IJ's determination that Singh's account lacked credibility, I would remand for further proceedings under *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).